LAKE FORD INC,

        Plaintiff,

                        Case No. 24-cv-0747-bhl

    v.

FORD MOTOR COMPANY,

        Defendant.

## ORDER

On June 14, 2025, Plaintiff Lake Ford Inc. brought suit against Defendant Ford Motor Co., alleging violations of state common law and statutory law. (ECF Nos. 1 & 22.) After a brief stay for a failed attempt at mediation, the Court set a schedule, which was later amended to provide for the close of discovery on December 19, 2025. (ECF Nos. 8, 11, 21, 42.) On January 20, 2026, Ford Motor filed a motion for summary judgment. (ECF No. 51.) On February 19, 2026, Lake Ford responded to the motion and, consistent with Civil L.R. 56, submitted its set of proposed undisputed facts. (ECF Nos. 58 & 60.)

On February 24, 2026, Ford moved to strike Lake Ford's proposed undisputed facts under Civil L.R. 7(h). (ECF No. 64.) According to the motion to strike, Lake Ford's proposed findings of fact are 37 pages long, with each numbered paragraph including multiple sentences, and vastly in excess of the 100-material fact limit prescribed in Civil L. R. 56(b)(2)(B)(ii). (*Id.*) Ford insists that this noncompliance warrants striking the filing or awarding summary judgment in its favor. (*Id*.) On March 3, 2026, Lake Ford responded to the motion to strike, arguing that its proposed undisputed facts comply with the Local Rules and asking the Court in any event to accept an amended version of the filing, which it submitted with its response. (ECF Nos. 65 & 66.) On March 5, 2026, Ford submitted its reply brief in support of its motion for summary judgment, along with its response to Lake Ford's proposed undisputed facts. (ECF Nos. 68 & 70.) Four days later, on March 9, 2026, Ford responded to Lake Ford's expedited motion to amend, objecting that the

amendments were still noncompliant and that summary judgment briefing was completed.  (ECF No. 72.)

While acknowledging that Lake Ford should pay more attention to the Local Rules, the Court will deny Ford's motion to strike.  As a general matter, motions to strike are disfavored.  *See Redwood v. Dobson*, 476 F.3d 462, 470–71 (7th Cir. 2007).  They frequently serve "no purpose except to aggravate the opponent," "disserve the interest of judicial economy," and cause delay.  *See id.*; *see also Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).  There are few instances where a motion to strike is appropriate.  *See J.J. Keller & Assocs., Inc. v. Tradex Global, Inc.*, No. 25-CV-1321, 2026 WL 396053, at *9 (E.D. Wis. Feb. 12, 2026) (explaining what rules permit motions to strike).  If Ford were truly concerned about Lake Ford's noncompliance with basic summary judgment procedure, the appropriate response would have been to ask the Court to stay briefing and order Lake Ford to amend its filing to comply with the Local Rules before Ford had to respond.  Instead, Ford has asked the Court to simply award summary judgment in its favor or strike all of Lake Ford's proposed findings of undisputed fact.  Such a remedy is disproportionate to the violation.  Accordingly, its motion will be denied.  Lake Ford's motion to amend will also be denied as moot because, as Ford points out, summary judgment briefing is now complete, and Ford has already responded to the non-compliant set of proposed undisputed facts.  The parties are warned not to clutter the Court's docket and encouraged to work together when possible to avoid Court intervention.

The parties have also filed multiple motions to seal their filings.  Those motions will be granted.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Ford Motor Co.'s Rule 7(h) motion to strike, ECF No. 64, is **DENIED**.

**IT IS FURTHER ORDERED** that Lake Ford's Rule 7(h) motion to amend, ECF No. 66, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the motions to seal, ECF Nos. 62, 67, & 69, are **GRANTED**.

Dated at Milwaukee, Wisconsin on March 11, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge